# EXHIBIT A

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND</u>
## <u>RELEASE OF CLAIMS</u>

This Confidential Settlement Agreement and Release of Claims (the "Agreement") is agreed to by Jose Arredondo, for himself, his heirs, executors, administrators, successors, and assigns (collectively "J. Arredondo"), Daniel Arredondo, for himself, his heirs, executors, administrators, successors, and assigns (collectively "D. Arredondo"), Rafael Flores Aguilera, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Flores"), Carlos Galvan, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Galvan"), Francisco Garcia, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Garcia"), Dario E. Lopez, for himself, his heirs, executors, administrators, successors, and assigns (collectively "D. Lopez"), Juan Luis Lopez, for himself, his heirs, executors, administrators, successors, and assigns (collectively "J. Lopez"), Miguel Martinez, for himself, his heirs, executors, administrators, successors, and assigns (collectively "M. Martinez"), Zenon Martinez, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Z. Martinez"), Emilio Murillo, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Murillo"), Lino Juarez Pacheco, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Juarez"), Anthony E. Resendez, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Resendez"), Saul Rico, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Rico"), Jose Rodriguez, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Rodriguez"), Miguel Silva, for himself, his heirs, executors, administrators, successors, and assigns (collectively "Silva"), and J.M. Holm & Co., Inc., for itself, its successors, predecessors, parents, subsidiaries, affiliates, shareholders, divisions, and related companies and their respective present and former employees, officials, directors, owners, officers, agents, trustees, attorneys, and insurers (collectively "J.M. Holm") and Todd Nelms for himself, his heirs, executors, administrators, successors, and assigns (collectively "Nelms"). J. Arredondo, D. Arredondo, Flores, Galvan, Garcia, D. Lopez, J. Lopez, M. Martinez, Z. Martinez, Murillo, Juarez, Resendez, Rico, Rodriguez, and Silva may be referred to individually as a "Plaintiff" or collectively as "Plaintiffs." J.M. Holm and Nelms may be referred to individually as "Defendant" or collectively as "Defendants." Each of Plaintiffs and Defendants may be referred to individually as a "Party" or collectively as the "Parties."

## RECITALS

WHEREAS, a lawsuit styled *Jose Arredondo v. J.M. Holm & Co., Inc., et al.*; Civil Action No. 4:16-cv-01317, in the United States District Court for the Southern District of Texas, Houston Division, has been filed (the "Lawsuit") asserting claims for unpaid wages under the Fair Labor Standards Act;

WHEREAS, Jose Arredondo is the Plaintiff in the Lawsuit;

WHEREAS, D. Arredondo, Flores, Galvan, Garcia, D. Lopez, J. Lopez, M. Martinez, Z. Martinez, Murillo, Juarez, Resendez, Rico, Rodriguez, and Silva signed notices of consent to opt-in to the Lawsuit;

WHEREAS, without conceding or admitting any liability, fault, or wrongdoing, the Parties have resolved all claims made by Plaintiffs.

## TERMS

In consideration of the mutual promises and agreements contained herein, the Parties agree as follows:

1. <u>Legal Representation/Satisfaction with Terms</u>.  In executing this Agreement, the Parties acknowledge that they have had the opportunity to consult with counsel, that they are satisfied with the terms, which represent a full and fair settlement, and that they have executed this Agreement after independent investigation and without fraud, duress, or undue influence.

2. <u>Mutually Drafted Release</u>.  This Agreement has been negotiated at arm's length and between Parties who have been given the opportunity to consult with experienced legal counsel.  Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this Agreement against the Party who drafted the applicable provision is not applicable and is waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to affect the purpose of the Parties and this Agreement.  Further, each Party acknowledges that it has read this entire Agreement, fully understands its terms and effects, and that this Agreement is being signed freely.

3. <u>Consideration</u>.  Solely to settle forever the claims and potential claims of Plaintiffs and as full and final settlement of all and each of Plaintiffs' actual and

potential claims, J.M. Holm shall pay the following global amounts (collectively, the "Settlement Amount"):

    (a)    $███████ to Plaintiffs, less applicable tax withholdings, for alleged unpaid overtime wages;

    (b)    $██████ to Plaintiffs for alleged liquidated damages;

    (c)    $██████ to Plaintiffs' attorneys, Warren & Siurek, L.L.P., for attorneys' fees and costs on behalf of all Plaintiffs.

Each Plaintiff's individual amount (which is included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount) will be paid as stated in each Plaintiff's Acknowledgment Page, attached hereto.  A W-2 will be sent to each Plaintiff for the payments made under Section 3(a), and a 1099 will be sent to each Plaintiff for the payments made under Section 3(b).  A 1099 will be sent to Warren & Siurek, L.L.P., for the payment made under Section 3(c).

Additionally, Z. Martinez, Juarez, Rico, and Silva acknowledge and agree that they have already received the following amounts:

    (d)    $██████ to Z. Martinez;

    (e)    $██████ to Juarez;

    (f)    $██████ to Rico; and

    (g)    $███████ to Silva.

Plaintiffs agree to indemnify and hold Defendants harmless from any claim for taxes or penalties by any taxing entity assessed related to the payments under this Section 3, as well as any costs or attorneys' fees incurred in defending such a claim, except for the tax withholdings which J.M. Holm shall remit from the payments under Section 3(a).  Plaintiffs acknowledge and agree that all amounts identified in these Sections 3(a) through 3(g) are amounts to which Plaintiffs are not otherwise entitled.

Plaintiffs affirm that the payments identified in this Section 3 constitute payment in full for all wages, including overtime, which Plaintiffs allege are due to them from Defendants for all hours worked during their employment with J.M. Holm up to

and including the date on which they sign this Agreement. Plaintiffs further affirm that the payment amounts identified in this Section 3 were reached in connection with the settlement of a bona fide dispute under the Fair Labor Standards Act regarding compensation owed.

The entire Settlement Amount identified in Sections 3(a) – (c) will be payable within ten (10) business days of the satisfaction of all conditions precedent and expiration of any applicable revocation periods. Plaintiffs understand and agree that if any Plaintiff does not execute this Agreement or revokes this Agreement within the Revocation Period, defined below, then the Agreement is rendered null and void and no Plaintiff will receive the Settlement Amount, or any portion thereof.

4. <u>Release of Claims</u>. Plaintiffs each fully and finally release and discharge Defendants and all of Defendants' employees, officers, managers, partners, and agents, including, but not limited to, Charlotte Gates (collectively, the "Released Parties") from any and all claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime pay or any sums of any nature, in law or in equity, known or unknown, arising from or by reason of any matter, act, omission, cause or thing, whether known or unknown, foreseen or unforeseen, as of the date of the execution of this Agreement, including without limitation: any and all claims by or on behalf of any Plaintiff that the Released Parties have ever committed any statutory violation or other wrong with respect to any Plaintiff insofar as such claims have or could have been asserted by any Plaintiff; any and all claims of other liability or damage of any nature which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to any Plaintiff's employment with, association with, or separation of employment from J.M. Holm including, but not limited to, claims for breach of contract, overtime pay, or any fact or occurrence up through the date of the execution of this Agreement, including any alleged unpaid wages or  acts of harassment, discrimination, or retaliation by any of the Released Parties; workers' compensation retaliation; intentional infliction of emotional distress; constructive discharge; assault and battery; and any other tort (including, but not limited to, any and all claims of unpaid wages, fraud, negligent hiring, retention, or supervision; intentional or negligent invasion of privacy; defamation; compelled defamation; intentional infliction of emotional harm; libel; slander; invasion of privacy; or violations of public policy); any and all legal restrictions on Defendants' right to terminate employees; or any federal, state, or other governmental statute, regulation, or ordinance, including any and all claims for monetary recovery,

4

including past or future unpaid or lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and all claims asserted, or that could be asserted, by each Plaintiff against the Released Parties for anything occurring up to and including the date of the execution of this Agreement.  The statutory claims released by this Agreement include, but are not limited to, claims brought under: Title VII of the Civil Rights Act of 1964, as amended in 1991; the Age Discrimination in Employment Act, as amended by the Older Workers Benefits Protection Act (the "ADEA"); the Employee Retirement Income Security Act; the Fair Labor Standards Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the National Labor Relations Act; the Fair Credit Reporting Act; Executive Order 11246; any Occupational Safety and Health Administration regulation; the Worker Adjustment and Retraining Notification Act; the Employee Polygraph Protection Act; the Electronic Communication Privacy Act; the Computer Fraud and Abuse Act; the Health Insurance Portability and Accountability Act of 1996; the Texas Commission on Human Rights Act; and any state or federal anti-discrimination, consumer protection, or trade practices act or statute.

5. <u>Dismissal of Lawsuit</u>.   In consideration for the promises made in this Agreement, Plaintiffs consent to, and this Agreement is expressly conditioned upon, the immediate withdrawal and dismissal with prejudice of the Lawsuit.  In accordance with these obligations, counsel for Plaintiffs will execute the Motion to Dismiss with Prejudice attached as Exhibit "A" ("Dismissal Papers") upon the execution of this Agreement.  At that time, counsel for Plaintiffs shall file the Dismissal Papers and the Parties shall perform any other act necessary to dismiss the Lawsuit with prejudice.  The Parties agree that this Agreement shall not be publicly filed and, if necessary, shall only be submitted to the Court for in camera review.  Each Party will bear its own attorneys' fees and costs unless otherwise expressly stated in this Agreement.

6. <u>Cooperation with Defendants</u>.   Each Plaintiff shall reasonably cooperate with Defendants and with Defendants' counsel in connection with any actual or threatened litigation or administrative proceeding involving Defendants that relates to events, occurrences, or conduct occurring (or claimed to have occurred) during any Plaintiff's employment at J.M. Holm (collectively "J.M. Holm Claims.").  This cooperation with regard to J.M. Holm Claims shall include, but not be limited to, each Plaintiff: (i) making himself reasonably available for interviews and discussions with J.M. Holm's counsel as well as to prepare for depositions and trial testimony; (ii) if depositions or trial testimony are to occur, reasonably making himself available and cooperating in the preparation thereof; (iii) refraining from

impeding J.M. Holm's prosecution or defense; and (iv) reasonably cooperating in the development and presentation of J.M. Holm's prosecution or defense; including entering into any agreement that may be reasonably necessary to preserve any applicable legal privileges between J.M. Holm, any Plaintiff, and/or any other current or former J.M. Holm employee or representative, including the attorney-client privilege, common interest privilege, or any protections from disclosure afforded by the work-product doctrine.   The Plaintiff will be compensated for such activities as required by law.

7.   <u>Release of Claims under the Age Discrimination in Employment Act</u>.  Each Plaintiff understands that the release set forth in Section 4 includes a release of any claims he may have against the Released Parties, up to, and including, the date this Agreement is executed, under the ADEA.  Each Plaintiff, who is over the age of 40 years old at the time he executes this Agreement, understands and acknowledges that:

a.   Defendants provided him, at his option, twenty-one (21) days from the date this Agreement was first presented in order for him to consider his release of claims of age discrimination under the ADEA.  He may use as much or as little of this time period as he chooses before executing this Agreement;

b.   He has carefully read and fully understands all of the terms and provisions of this Agreement and his release of claims of age discrimination under the ADEA;

c.   He understands that the ADEA is a federal statute that prohibits discrimination on the basis of age in employment, benefits, and benefit plans;

d.   He is, through this release of ADEA claims, waiving, releasing, and forever giving up any and all ADEA claims he may have against Defendants that may have existed on or prior to the date upon which he executes this Agreement;

e.   He knowingly and voluntarily agrees to all of the terms and provisions of this Agreement and the release of ADEA claims;

f.   He knowingly and voluntarily intends to be legally bound by all of the terms and provisions of this Agreement and the release of ADEA claims;

g. He was advised in writing to consult with an attorney of his choice before executing this Agreement and the release of claims of age discrimination under the ADEA;

h. He is receiving consideration for his waiver of any and all claims of age discrimination under the ADEA that is in addition to anything of value to which he is already entitled; and

i. He has a period of seven (7) days following his execution of this Agreement to revoke the portions of this Agreement ("Revocation Period") relating to the release of age discrimination claims under the ADEA by delivering a letter of revocation to Defendants' counsel, Mark Temple, via facsimile at (713) 469-3899, before the end of the Revocation Period.

8. <u>Representations</u>.  Each Plaintiff represents and warrants that, other than the Lawsuit or previously filed complaint with the Department of Labor, he does not presently have on file, and has not made in any forum, any complaints, charges, or claims (whether civil, administrative, or criminal) against Defendants. Additionally, each Plaintiff represents and warrants that he has not and will not assign his interest in any of his asserted claims or any un-asserted claims against Defendants to anyone.

9. <u>Non-Disparagement</u>.  Each Plaintiff agrees not to disparage Defendants or any of the Released Parties. Todd Nelms and the officers of J.M. Holm, including Charlotte Gates, agree not to disparage any of the Plaintiffs.  Prospective employers who contact J.M. Holm regarding the Plaintiffs shall be given only the Plaintiffs' dates of employment and job title, to the extent allowed by applicable law.

10. <u>Affirmations</u>.  To the extent each Plaintiff may be classified as nonexempt from the overtime pay obligations of the Fair Labor Standards Act, is later deemed nonexempt, or later claims he should have been classified as nonexempt, each Plaintiff affirms that he has reported all hours worked as of the date of the execution of this Agreement and has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to him.  Each Plaintiff furthermore affirms that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act and/or any other federal, state, or local leave law.  Each Plaintiff affirms and represents that he did not engage in

any conduct that would constitute a fraud on Defendants, or J.M. Holm's shareholders, investors, vendors, clients, contractors, or customers, and that he is not aware of any fraudulent activity on the part of Defendants or any of the Released Parties.

11. <u>Sole Consideration</u>. Each Plaintiff affirms that the only consideration for signing this Agreement is the consideration and terms stated in Section 3 of this Agreement and in each Plaintiff's individual Acknowledgment Page, and that no other promise or agreement of any kind has been made by any person or entity to cause the execution of this Agreement.

12. <u>Confidentiality</u>. Each Plaintiff agrees that the terms of this Agreement, including his Acknowledgment Page, **SHALL BE KEPT CONFIDENTIAL**, and that he will not disclose the terms or Settlement Amount to anyone, other than his attorneys, accountants, auditors, financial advisers, insurers, and/or federal or state tax and other regulatory authorities, and his spouse (collectively "Permitted Disclosure Group") and except as may be otherwise required by law.  In the event that any Plaintiff believes he is required to disclose any terms of this Agreement to anyone outside of the Permitted Disclosure Group, he shall provide Defendants through their counsel, Mark Temple, with at least ten (10) days' written notice via facsimile at (713) 469-3899 and regular mail to 811 Main St. Suite 1700 Houston, TX 77002 before disclosing the information, unless he is required by law or court order to provide earlier disclosure, in which case as much notice as reasonably possible shall be provided.  Each Plaintiff represents and warrants that during the time in which this Agreement was negotiated, and up until the time this Agreement is executed, he has not disclosed any aspects of this Agreement outside of the Permitted Disclosure Group.  **Each Plaintiff further agrees to reasonably ensure that any information related to this Agreement and his Acknowledgment Page disclosed to the Permitted Disclosure Group is not disclosed outside of such group ("Third-Party Disclosures"), and to immediately report any Third-Party Disclosures in writing to Mark Temple and Todd Nelms.**

13. <u>Governing Law and Language and Mandatory Venue</u>.  This Agreement shall be governed and construed in accordance with the laws of the State of Texas, without regard to conflicts of laws principles. Venue shall be in Houston, Texas. This Agreement is produced only in English.  If a Plaintiff receives a translated version of this Agreement in Spanish from anyone, Plaintiff understands and agrees that this English version of the Agreement shall govern in the event of any inconsistency between the Agreement and any Spanish translation.  Plaintiff

represents and warrants that he fully understands this Agreement and all of its terms.

14. <u>No Waiver</u>.  The failure of a Party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver of such Party's rights or deprive such Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

15. <u>Severability</u>.  In the event that any one or more of the provisions of this Agreement shall be or become invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

16. <u>Assignment and Successors</u>.  This Agreement, and all of each Plaintiff's rights and duties hereunder, shall not be assignable or delegable by any Plaintiff. Any purported assignment or delegation by any Plaintiff in violation of the foregoing shall be null and void and of no force and effect.  This Agreement may be assigned by Defendants to any third party who becomes a successor to all or substantially all of the business operations of Defendants by operation of law, contract or otherwise.  Upon such assignment, the rights and obligations of Defendants hereunder shall become the rights and obligations of such successor person or entity, except that Plaintiffs will not be deemed to have waived, released, or discharged any claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime pay, or any sums of any nature, in law or equity, that they may have against the successor for the successor's own conduct unrelated to Plaintiffs' employment or association with Defendants, insofar as the same have not already been waived, released, or discharged.  This Agreement shall inure to the benefit of and be binding upon personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees.

17. <u>Non-Waiver</u>.  Notwithstanding any other provisions in this Agreement to the contrary, Plaintiffs do not release any obligations created in this Agreement nor do Plaintiffs waive or release any claims that Plaintiffs cannot waive by operation of law, including the right to file a charge or participate in an investigation by the Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), the National Labor Relations Board ("NLRB"), or any other federal, state, or local agency charged with enforcing employment laws.  Each Plaintiff does, however, waive his right to any monetary recovery or other personal relief should the EEOC, DOL, NLRB or any other agency pursue claims on his

behalf arising out of or related to Plaintiff's employment or association with Defendants and/or any of the Released Parties, including the termination of any Plaintiff's employment with J.M. Holm prior to the execution of this Agreement. The Plaintiffs do not release any claims that may arise after the date of the execution of this Agreement.

18. <u>Entire Agreement</u>.  This Agreement and each and all of Plaintiffs' Acknowledgment Pages, which are incorporated by reference as if fully stated herein, constitute the entire agreement between the Parties and a complete understanding among the Parties and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered hereby, with the exception of any confidentiality obligations that each Plaintiff may have by virtue of any prior agreement, policy, common law or statute, for which obligations remain in full force and effect and are in addition to the obligations set forth herein, and each Plaintiff expressly acknowledges his intent to adhere to those obligations and agreements.  Each Plaintiff also acknowledges that he has not relied on any representation, promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.  This Agreement may not be modified except upon express written consent of the Parties wherein specific reference is made to this Agreement.

19. <u>Counterparts</u>.   This Agreement and each Plaintiff's separate Acknowledgment Page may be signed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

20. <u>Facsimile Signatures</u>.  Facsimile signatures on this Agreement and Plaintiffs' Acknowledgment Pages will have the same force and effect as actual signatures.

21. <u>Authority to Execute</u>.  The Parties represent that those executing this Agreement and the Plaintiffs' Acknowledgment Pages have been fully authorized to do so on behalf of the Party for whom they are signing.

22. <u>Headings</u>.  The headings used in this Agreement are for convenience only and do not impart any substantive significance.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement on the dates shown below and on each Plaintiff's Acknowledgment Page, incorporated by reference as if fully stated herein.

**J.M. Holm & Co., Inc.**

By: _____

Todd Nelms
Authorized Representative

Date: _____ 7-24-17 _____

**Todd Nelms**

_____

Date: _____ 7-24-17 _____

## [EACH PLAINTIFF'S SIGNATURE AND ACKNOWLEDGMENT PAGE FOLLOWS]

11

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF JOSE RODRIGUEZ

Jose Rodriguez ("Rodriguez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Rodriguez's actual and potential claims, and as more fully set forth in the Agreement, Rodriguez acknowledges that J.M. Holm shall pay the following individual amounts to Rodriguez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

  (a) $████████ less applicable tax withholdings, to Rodriguez for alleged unpaid overtime wages;

  (b) $██████ to Rodriguez for alleged liquidated damages;

A W-2 will be sent to Rodriguez for the payment made under Section 3(a) and a 1099 will be sent to Rodriguez for the payment made under Section 3(b).

Rodriguez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Rodriguez is not otherwise entitled.

By:   **JOSE RODRIGUEZ**

*Jose R.*

Date:   07-28-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF LINO JUAREZ PACHECO

Lino Juarez Pacheco ("Juarez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Juarez's actual and potential claims, and as more fully set forth in the Agreement, Juarez acknowledges that J.M. Holm shall pay the following individual amounts to Juarez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

(a) $ ████, less applicable tax withholdings, to Juarez for alleged unpaid overtime wages;

(b) $ ████ to Juarez for alleged liquidated damages;

Juarez further acknowledges and agrees that he has already received $ ████ from J.M. Holm.

A W-2 will be sent to Juarez for the payment made under Section 3(a) and a 1099 will be sent to Juarez for the payment made under Section 3(b).

Juarez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Juarez is not otherwise entitled.

**By:    LINO JUAREZ PACHECO**

_LINO JUAREZ_

**Date:**  _7 - 21 - 2017_

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF JOSE ARREDONDO

Jose Arredondo ("J. Arredondo") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of J. Arredondo and as full and final settlement of all of J. Arredondo's actual and potential claims, and as more fully set forth in the Agreement, J. Arredondo acknowledges that J.M. Holm shall pay the following individual amounts to J. Arredondo (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

(a) $███████, less applicable tax withholdings, to J. Arredondo for alleged unpaid overtime wages;

(b) $██████ to J. Arredondo for alleged liquidated damages;

A W-2 will be sent to J. Arredondo for the payments made under Section 3(a) and a 1099 will be sent to J. Arredondo for the payments made under Section 3(b).

J. Arredondo acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which J. Arredondo is not otherwise entitled.

**By:**

**JOSE ARREDONDO**

*Jose Arredondo*

**Date:** 7-21-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF CARLOS GALVAN

Carlos Galvan ("Galvan") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Galvan's actual and potential claims, and as more fully set forth in the Agreement, Galvan acknowledges that J.M. Holm shall pay the following individual amounts to Galvan (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

   (a) $███████, less applicable tax withholdings, to Galvan for alleged unpaid overtime wages;

   (b) $██████ to Galvan for alleged liquidated damages;

A W-2 will be sent to Galvan for the payment made under Section 3(a) and a 1099 will be sent to Galvan for the payment made under Section 3(b).

Galvan acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Galvan is not otherwise entitled.

By:   **CARLOS GALVAN**

_Carlos Galvan_

Date:   7-21-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF FRANCISCO GARCIA

Francisco Garcia ("Garcia") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Garcia's actual and potential claims, and as more fully set forth in the Agreement, Garcia acknowledges that J.M. Holm shall pay the following individual amounts to Garcia (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

　　(a) $██████, less applicable tax withholdings, to Garcia for alleged unpaid overtime wages;

　　(b) $██████ to Garcia for alleged liquidated damages;

A W-2 will be sent to Garcia for the payment made under Section 3(a) and a 1099 will be sent to Garcia for the payment made under Section 3(b).

Garcia acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Garcia is not otherwise entitled.

By:　**FRANCISCO GARCIA**

Date: 07 - 21 - 17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF MIGUEL MARTINEZ

Miguel Martinez ("M. Martinez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of M. Martinez's actual and potential claims, and as more fully set forth in the Agreement, M. Martinez acknowledges that J.M. Holm shall pay the following individual amounts to M. Martinez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

   (a) $█████, less applicable tax withholdings, to M. Martinez for alleged unpaid overtime wages;

   (b) $█████ to M. Martinez for alleged liquidated damages;

A W-2 will be sent to M. Martinez for the payment made under Section 3(a) and a 1099 will be sent to M. Martinez for the payment made under Section 3(b).

M. Martinez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which M. Martinez is not otherwise entitled.

**By:   MIGUEL MARTINEZ**

*Miguel Martinez*

**Date:**   7-24-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF ANTHONY RESENDEZ

Anthony Resendez ("Resendez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Resendez's actual and potential claims, and as more fully set forth in the Agreement, Resendez acknowledges that J.M. Holm shall pay the following individual amounts to Resendez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

(a) $█████████, less applicable tax withholdings, to Resendez for alleged unpaid overtime wages;

(b) $████████ to Resendez for alleged liquidated damages;

A W-2 will be sent to Resendez for the payment made under Section 3(a) and a 1099 will be sent to Resendez for the payment made under Section 3(b).

Resendez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Resendez is not otherwise entitled.

By: **ANTHONY RESENDEZ**

_Anthony Resendez_

Date: 7/24/17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF ZENON MARTINEZ

Zenon Martinez ("Z. Martinez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Z. Martinez's actual and potential claims, and as more fully set forth in the Agreement, Z. Martinez acknowledges that J.M. Holm shall pay the following individual amounts to Z. Martinez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

(a) $████████, less applicable tax withholdings, to Z. Martinez for alleged unpaid overtime wages;

(b) $██████ to Z. Martinez for alleged liquidated damages;

Z. Martinez further acknowledges and agrees that he has already received $██████ from J.M. Holm.

A W-2 will be sent to Z. Martinez for the payment made under Section 3(a) and a 1099 will be sent to Z. Martinez for the payment made under Section 3(b).

Z. Martinez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Z. Martinez is not otherwise entitled.

By:   **ZENON MARTINEZ**

_ZENON Martinez_

**Date:**  _7 - 25 - 2017_

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF EMILIO MURILLO

Emilio Murillo ("Murillo") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Murillo's actual and potential claims, and as more fully set forth in the Agreement, Murillo acknowledges that J.M. Holm shall pay the following individual amounts to Murillo (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

    (a) $█████, less applicable tax withholdings, to Murillo for alleged unpaid overtime wages;

    (b) $█████ to Murillo for alleged liquidated damages;

A W-2 will be sent to Murillo for the payment made under Section 3(a) and a 1099 will be sent to Murillo for the payment made under Section 3(b).

Murillo acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Murillo is not otherwise entitled.

By:   EMILIO MURILLO

*[signature]*

Date:  07/26/07

<u>AGREEMENT AND ACKNOWLEDGMENT PAGE</u>
<u>OF PLAINTIFF DARIO E. LOPEZ</u>

Dario E. Lopez ("D. Lopez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of D. Lopez's actual and potential claims, and as more fully set forth in the Agreement, D. Lopez acknowledges that J.M. Holm shall pay the following individual amounts to D. Lopez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. <u>Consideration</u>

   (a) $█████, less applicable tax withholdings, to D. Lopez for alleged unpaid overtime wages;

   (b) $█████ to D. Lopez for alleged liquidated damages;

A W-2 will be sent to D. Lopez for the payment made under Section 3(a) and a 1099 will be sent to D. Lopez for the payment made under Section 3(b).

D. Lopez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which D. Lopez is not otherwise entitled.

By:    DARIO E. LOPEZ

Date:    7/24/17

07/28/2017  03:28   7136616511                FEDEX OFFICE 1034                              PAGE  02/02

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF RAFAEL FLORES AGUILERA

Rafael Flores Aguilera ("Flores") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of Flores and as full and final settlement of all of Flores' actual and potential claims, and as more fully set forth in the Agreement, Flores acknowledges that J.M. Holm shall pay the following individual amounts to Flores (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3.  Consideration

   (a) $█████, less applicable tax withholdings, to Flores for alleged unpaid overtime wages;

   (b) $█████ to Flores for alleged liquidated damages;

A W-2 will be sent to Flores for the payment made under Section 3(a) and a 1099 will be sent to Flores for the payment made under Section 3(b).

Flores acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Flores is not otherwise entitled.

By:   RAFAEL FLORES AGUILERA

_Rafael Flores Aguilera_

Date:   _28-Jul./17_

PAGE. 1                                  429695008L                                    28.07.2027 00:20

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF SAUL RICO

Saul Rico ("Rico") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Rico's actual and potential claims, and as more fully set forth in the Agreement, Rico acknowledges that J.M. Holm shall pay the following individual amounts to Rico (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3.  Consideration

    (a) $▇▇▇▇, less applicable tax withholdings, to Rico for alleged unpaid overtime wages;

    (b) $▇▇▇▇ to Rico for alleged liquidated damages;

Rico further acknowledges an agrees that he has already received $▇▇▇▇ from J.M. Holm.

A W-2 will be sent to Rico for the payment made under Section 3(a) and a 1099 will be sent to Rico for the payment made under Section 3(b).

Rico acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Rico is not otherwise entitled.

**By: SAUL RICO**

_Saul Rico_

**Date:** 7-29-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF MIGUEL SILVA

Miguel Silva ("Silva") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of Silva's actual and potential claims, and as more fully set forth in the Agreement, Silva acknowledges that J.M. Holm shall pay the following individual amounts to Silva (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

(a) $██████, less applicable tax withholdings, to Silva for alleged unpaid overtime wages;

(b) $██████ to Silva for alleged liquidated damages;

Silva further acknowledges and agrees that that he has already received $██████ from JM Holm.

A W-2 will be sent to Silva for the payment made under Section 3(a) and a 1099 will be sent to Silva for the payment made under Section 3(b).

Silva acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which Silva is not otherwise entitled.

By:   MIGUEL SILVA

Miguel Silva

Date:  07-27-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF DANIEL ARREDONDO

Daniel Arredondo ("D. Arredondo") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of D. Arredondo and as full and final settlement of all of D. Arredondo's actual and potential claims, and as more fully set forth in the Agreement, D. Arredondo acknowledges that J.M. Holm shall pay the following individual amounts to D. Arredondo (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

    (a) $███████, less applicable tax withholdings, to D. Arredondo for alleged unpaid overtime wages;

    (b) $██████ to D. Arredondo for alleged liquidated damages;

A W-2 will be sent to D. Arredondo for the payment made under Section 3(a) and a 1099 will be sent to D. Arredondo for the payment made under Section 3(b).

D. Arredondo acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which D. Arredondo is not otherwise entitled.

**By:**

**DANIEL ARREDONDO**

*DANIEL ARREDONDO*

Date: 8-2-17

## AGREEMENT AND ACKNOWLEDGMENT PAGE
## OF PLAINTIFF JUAN LUIS LOPEZ

Juan Luis Lopez ("J. Lopez") fully incorporates the above Agreement as if fully stated herein.

Solely to settle forever the claims and potential claims of and as full and final settlement of all of J. Lopez's actual and potential claims, and as more fully set forth in the Agreement, J. Lopez acknowledges that J.M. Holm shall pay the following individual amounts to J. Lopez (which are included within the overall Settlement Amount and will be paid out of and deducted from the Settlement Amount):

3. Consideration

(a) $▮▮▮▮▮, less applicable tax withholdings, to J. Lopez for alleged unpaid overtime wages;

(b) $▮▮▮▮ to J. Lopez for alleged liquidated damages;

A W-2 will be sent to J. Lopez for the payment made under Section 3(a) and a 1099 will be sent to J. Lopez for the payment made under Section 3(b).

J. Lopez acknowledges and agrees that all amounts identified in these Sections 3(a) and 3(b) are amounts to which J. Lopez is not otherwise entitled.

By:   **JUAN LUIS LOPEZ**

Date:   8-1-17